IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jomer Hill, | ) | Civil Action No. 2:19-cv-02658-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lavern Cohen, Warden; State of South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Jomer Hill, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") on September 19, 2019. (ECF No. 1.) The matter before the court is a review of the Report and Recommendation ("Report") issued by the Magistrate Judge on July 12, 2019. (ECF No. 9.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards that this court incorporates herein without a full recitation. (ECF No. 49 at 1–3.) Petitioner is serving fifty years after a jury convicted him on two counts of murder. (*Id.* at 2 (citing ECF No. 1 at 3).) The Report provides that Petitioner filed motions in his state-court criminal case seeking forensic DNA testing and a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.* (citing ECF No. 1 at 4).) "He also applied to be released on bond pending the resolution of those motions . . . the object of his Habeas Petition is to obtain bond while he litigates the *Franks* motion and his DNA testing application in the state courts." (*Id.*) The Magistrate Judge determined that Petitioner's Habeas Petition lacks merit because "[he] has not identified anything that makes this one of those rare moments to intervene, and the undersigned sees no reason to overrule the state court." (*Id.* at 5

1

(citing *Lloyd v. Morgan*, No. CV JKB-16-2159, 2016 WL 4474838, at *2 (D. Md. Aug. 24, 2016 ("Although federal courts can review state bail orders through habeas corpus . . . federal intervention in this discretionary determination is rare.").) As such, the Magistrate Judge concluded that "no material facts are in dispute and that Respondents are entitled to judgment as a matter of law on the merits." (*Id.* at 6.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL

2

3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The record indicates that objections to the Report are due by March 3, 2020, and that Petitioner has failed to respond. (*See* ECF No. 49.) In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Habeas Petition. (ECF No. 49.) Thus, because there are no specific objections filed by either party and there is no clear error in the record, the court adopts the Report. *See Diamond*, 416 F.3d at 315; *see also Camby*, 718 F.2d at 199.

### IV. CONCLUSION

For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 49), **GRANTS** Respondents Lavern Cohen and State of South Carolina's Motion for Summary Judgment (ECF No. 45) and **DISMISSES** Petitioner's Writ of Habeas Corpus (ECF No. 1). Petitioner's Motion for Bond (ECF No. 12) and the Magistrate Judge's Report and Recommendation issued on December 9, 2019 (ECF No. 15), are **MOOT**.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 22, 2020
Columbia, South Carolina